UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN CALENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-CV-1974 CDP |
| | ) | |
| CITY OF PINE LAWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Carolyn Calender for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. However, after a review of the complaint and the corresponding documentation, the Court will not order the Clerk to issue process at this time.

### The Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court is obligated to review pleadings filed in forma pauperis. If at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss a complaint.

Plaintiff brings this action against two former employers, the City of Pine Lawn and the City of Berkeley, alleging, perhaps among other claims, what appears to be claims of retaliatory discharge and a claim for breach of contract/breach of a settlement agreement. Attached to her complaint are several documents, including a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") relating to a Charge filed against the City of Pine Lawn, a Charge of

Discrimination filed against the City of Pine Lawn, a letter from the Missouri Commission on Human Rights detailing a finding of no probable cause relating to her charges against the City of Pine Lawn, and a Charge of Discrimination filed against the City of Berkeley. The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims against both defendants, it is not entirely clear from the complaint which claims she is bringing against each enumerated defendant. For example, it is unclear from her complaint, and the corresponding documents attached to the complaint, whether she is bringing statutory claims against both defendants and if she is indeed doing so, whether she has received a Notice of Right to Sue both of the named defendants. Additionally, it is not entirely clear whether plaintiff is bringing non-statutory claims for relief against one or both of the named defendants.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant her time to file an amended complaint in accordance with the instructions set forth below. Moreover, because the Court is allowing plaintiff to amend her complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that her amended complaint will supersede her original complaint and will be the only complaint the Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint, all the defendants she wishes to sue, and in the "Statement of Claim" (No. 12), she must set out specific facts against each named defendant. Additionally, plaintiff must attach to her amended complaint any additional Notices of Right to Sue she may have received from an administrative agency. Plaintiff risks dismissal of the complaint if she fails to comply with this Court's instructions.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint at this time.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint on or before **January 15, 2008**. In the amended complaint, plaintiff shall complete in its entirety the court–provided form for filing an employment discrimination complaint. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant she wishes to sue, and in the "Statement of Claim" (No. 12), she shall set forth as to each named defendant how that particular defendant acted in an unlawful manner. Additionally, plaintiff must attach to her amended complaint any Notices of Right to Sue regarding the named defendants, not previously filed with the Court.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend her complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 14th day of December, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE