UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN CALENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1974 CDP |
| ) | |
| CITY OF PINE LAWN, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's amended complaint, which this Court is obligated to review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against her former employer, the City of Pine Lawn alleging that she was subjected to harassment and eventual termination in retaliation for having filed a charge of discrimination against a previous employer. Plaintiff has further alleged that the City of Pine Lawn breached a confidential settlement agreement entered into by she and the City of Berkeley. Also named as a defendant is Janice Jones, the Pine Lawn City Administrator, who plaintiff alleges breached the settlement agreement and "intimidated and harassed" her. Attached to plaintiff's amended complaint is a confidential settlement agreement entered into by plaintiff and a representative of the City of Berkeley.

Plaintiff's Title VII retaliation claim against Jones is subject to dismissal because individual supervisors cannot be held liable under Title VII. Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997). Plaintiff's claims against the City of Pine Lawn and Jones for a breach of the confidential settlement agreement are also subject to dismissal because plaintiff has not alleged that Jones or Pine Lawn was a party to the agreement entered into by she and the City of Berkeley. Pepsi Midamerica v. Harris, 232 S.W.3d 648, 653 (Mo. App. 2007) (in order to state a claim for breach of contract the plaintiff must allege a mutual agreement between the parties capable of contracting); Nachbar v. Duncan, 114 S.W.3d 421 (Mo. App. 2003) (noting that the defendants in an action on a contract must be the parties obligated to perform under the contract). As such, the Court will dismiss the aforementioned claims and direct the Clerk of Court to issue process as to defendant the City of Pine Lawn only with regard to plaintiff's Title VII claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Janice Jones because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's breach of contract claim against defendant the City of Pine Lawn is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant the City of Pine Lawn, brought pursuant to Title VII of the Civil Rights Act of 1964, survive initial review. The Clerk shall issue process or cause process to issue upon the complaint as to defendant the City of Pine Lawn.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 30th Day of January, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE