UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN CALENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1974 CDP |
| | ) | |
| CITY OF PINE LAWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's "second amended complaint," [Doc. #9] which the Court will construe as a motion for reconsideration and supplement to plaintiff's amended complaint. Also before the Court is docket number ten [Doc. #10], docketed as plaintiff's "third amended complaint," which the Court will also construe as a supplement to plaintiff's amended complaint.

### Procedural History

Plaintiff filed this employment discrimination action on November 27, 2007. In her original complaint, plaintiff asserted claims against two former employers, the City of Pine Lawn and the City of Berkeley, alleging what appeared to be claims of retaliatory discharge and a breach of contract/breach of a settlement agreement. Because it was not entirely clear from the complaint which claims plaintiff was asserting which defendant, the Court ordered plaintiff to file an amended complaint.

On January 10, 2008, plaintiff filed her amended complaint. [Doc. #6] In the amended complaint, plaintiff asserted, pursuant to Title VII of the Civil Rights Act of 1964, that the City of Pine Lawn had subjected her to harassment and eventual termination in retaliation for having filed a charge of discrimination against her previous employer, the City of Berkeley. Plaintiff further alleged that the City of Pine Lawn breached a confidential settlement agreement entered into between her and the City of Berkeley. Plaintiff also named as a defendant Janice Jones, the Pine Lawn City Administrator, who plaintiff claimed breached the allegedly confidential settlement agreement and "intimidated and harassed" her. Pursuant to 28 U.S.C. § 1915, the Court dismissed plaintiff's claims against defendant Jones, as well as her claim for breach of the confidential settlement agreement against the City of Pine Lawn. See Docket Nos. 7 and 8.

On February 12, 2008, plaintiff filed a third "pleading" in this case, which the Clerk docketed as a "second amended complaint." See Docket No. 9. Although plaintiff submitted the "pleading" on the court-provided form for filing an employment discrimination complaint, it is apparent from a review of the document that it is meant to serve as a two part filing: part motion for reconsideration of the Court's earlier partial dismissal and part supplement to plaintiff's amended

complaint. Accordingly, the Court will construe the document as such and discuss each part of plaintiff's filing in turn.

On March 4, 2008, plaintiff filed an additional document in this case, which the Clerk docketed as a "third amended complaint." Although she again filed this document on a court-provided complaint form, it is again clear that it is not meant to supersede plaintiff's amended complaint. Rather, the March 4th filing provides additional factual information, presumably to bolster plaintiff's claims against Donnell Smith, offered in her February 12, 2008 filing. Accordingly, the Court will construe docket number ten [Doc. #10] as yet another supplement to her amended complaint and order the Clerk to docket it as such.

## Plaintiff's Request for Reconsideration

In her request for reconsideration of the Court's dismissal of her claims against Janice Jones, as well as the dismissal of her breach of contract claim against the City of Pine Lawn, plaintiff reiterates the same arguments already considered by this Court in its January 30, 2008 Memorandum and Order. Plaintiff has not made any new allegations, nor provided any additional evidence by which to reconsider the Court's earlier decision. Accordingly, plaintiff's request for reconsideration of this Court's dismissal of defendant Jones, as well as the dismissal of her breach of contract claim against the City of Pine Lawn, will be denied.

## Plaintiff's Supplements to her Amended Complaint

In her attempts to supplement her amended complaint plaintiff makes allegations against two additional defendants: the City of Berkeley and Donnell Smith, City Attorney for the City of Pine Lawn.[1] Because plaintiff is proceeding in forma pauperis, this Court is obligated to review plaintiff's supplemental pleadings pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that defendant Smith, City Attorney for Pine Lawn (and legal representative of the City of Berkeley) "retaliated against her" by breaching an allegedly confidential settlement agreement entered into by her and the City of Berkeley. Although plaintiff uses the term "retaliation" she has not indicated that she is pursuing a statutory claim against defendant Smith or the City of Berkeley. Rather, she has indicated that she wishes to sue because a "[r]epresentative of the City of Berkeley breached a settlement agreement with the City of Berkeley and EEOC." Plaintiff has, however, failed to allege the essential elements of a breach of contract claim.

---

[1] In her pleadings, plaintiff identifies defendant Smith as both the City Attorney for the City of Pine Lawn and as a representative for both the City of Pine Lawn and the City of Berkeley. Her characterization that defendant Smith is a representative of the City of Berkeley appears to arise from the fact that he was counsel for the City of Berkeley in attempts to resolve plaintiff's EEOC charge against that entity. See Agreement to Mediate/Confidentiality Agreement, attached to plaintiff's amended complaint [Doc. #6].

To state a breach of contract claim against defendant Smith and/or the City of Berkeley, plaintiff must allege facts and circumstances surrounding the alleged breach, including: 1) a contract existed between she and the City of Berkeley; 2) the City of Berkeley had certain duties or obligations under the contract; 3) the City of Berkeley (by or through its representatives) breached its duties or obligations under the contract; and 4) plaintiff suffered damages as a result. Norber v. Marcotte, 134 S.W.3d 651 (Mo. App. 2004); Taryen Dev. Co. v. Phillips 66 Co., 31 S.W.3d 95 (Mo. App. 2000). Plaintiff's assertions regarding the purported breach are sparse. Her only allegation of the claimed breach is that defendant Smith told the Pine Lawn City Council that she cost the City of Berkeley a lot of money "due to a lawsuit" and that the City of Berkeley was still angry about the money she had "caused them to spend." Assuming that a confidential settlement agreement existed between the parties, these allegations fail to state a cause of action against the City of Berkeley and/or defendant Smith for breach of contract as they do not allege the existence of any settlement agreement, nor do they describe any terms of any agreements that were allegedly breached.

Moreover, even if the Court were to allow plaintiff to amend her pleadings, it is doubtful that she could sustain a breach of contract claim against defendant Smith or the City of Berkeley. For example, although plaintiff has insisted throughout her

pleadings that the "settlement" she entered into with the City of Berkeley had a confidentiality provision, the documents attached to her amended complaint show otherwise.[2] The actual "settlement agreement," dated June 27, 2006, does not contain a confidentiality provision, nor is it even signed by a representative of the City of Berkeley. The only agreements attached to the pleadings which contain the term "confidential" are the EEOC mediation agreements, dated June 5, 2006, wherein plaintiff and the City of Berkeley (through its representative, Donnell Smith) agreed that "mediation is a confidential process" and that "all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding." The mere fact that plaintiff entered into a settlement agreement with the City of Berkeley within weeks of holding a confidential EEOC mediation does not make the settlement agreement confidential, especially in light of the fact that the settlement agreement lacks a confidentiality clause, and in fact, contains the statement that it is the "final and complete statement of the agreement between the parties." Accordingly, plaintiff has failed to allege a breach of a confidential settlement

---

[2] Any written instrument attached to a complaint is considered part of the complaint and may be considered in determining the appropriateness of a dismissal. Federal Rule of Civil Procedure 10(c); Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006).

agreement, and her claims against defendant Smith and the City of Berkeley must be dismissed.

Lastly, the Court will advise plaintiff that she should not use court-provided complaint forms unless she is actually trying to amend her complaint. Although the Court has liberally construed plaintiff's prior filings, it will not do so in the future. Plaintiff is instructed that should she wish to file an entirely new amended complaint - one that supersedes all previous allegations before this Court - she must first seek leave of Court to do so. Leave will not be granted unless plaintiff attaches to her motion for leave a copy of the proposed amended complaint and a statement explaining why she should again be allowed to amend.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall modify docket number nine [Doc. #9] to reflect the construction given the filings by this Court. The filing shall be docketed as a motion for reconsideration and supplement to plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall reinstate the City of Pine Lawn as a defendant in this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall modify docket number ten [Doc. #10] to reflect the construction given the filings by this

Court. The filing shall be docketed as a supplement to plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that plaintiff shall not file any additional pleadings on the court-provided complaint form unless she first seeks, and is granted, leave of Court to do so.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of this Court's January 30, 2008 Order of Partial Dismissal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon plaintiff's supplements to her amended complaint because, as to defendants Smith and the City of Berkeley, the supplemental complaints are legally frivolous or fail to state a claim upon which relief can be granted, or both.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2008.